

## Supreme Court of Missouri
en banc

July 29, 2022

| | |
|---|---|
| In re:  Brian J. Klopfenstein, | ) |
| | ) |
| Respondent. | )  Supreme Court No. SC99708 |
| | )  MBE # 33722 |

### ORDER

    Now at this day, this Court being sufficiently advised of and concerning the premises and having considered the statement of acceptance of the decision of the Disciplinary Hearing Panel filed herein;

    This Court finds that Respondent, Brian J. Klopfenstein, violated Rules 4-1.1, 4-1.3, 4-1.4 and 4-8.4(d) of the Rules of Professional Conduct and should be disciplined;

    Upon consideration of these findings, previous decisions of this Court, ABA Standards for Imposing Lawyer Discipline, and aggravating and mitigating circumstances, this Court orders that Respondent, Brian J. Klopfenstein, is hereby reprimanded with the requirements set forth in the decision of the Disciplinary Hearing Panel and the stipulation of the parties filed before the Disciplinary Hearing Panel.

    Fee ordered pursuant to Rule 5.19(h) in the amount of $1,000.00 payable to the Clerk of this Court to the credit of the Advisory Committee.

    Costs taxed to Respondent.

Day - to – Day

_____
Paul C. Wilson
**Chief Justice**

STATE OF MISSOURI – SCT.:

    I, Betsy AuBuchon, Clerk of the Supreme Court of Missouri, do hereby certify that the foregoing is a true copy of the order of said court, entered on the 29th day of July 2022, as fully as the same appears of record in my office.

    IN TESTIMONY WHEREOF, *I have hereunto set my hand and affixed the seal of said Supreme Court. Done at office in the City of Jefferson, State aforesaid, this 29th day of July 2022.*



_____, Clerk

_____, Deputy Clerk

IN THE SUPREME COURT OF THE STATE OF MISSOURI

IN RE: )
)
BRIAN J. KLOPFENSTEIN ) DHP 21-025
MO Bar #33722 ) OCDC File Nos.: 19-963-IV, 20-660-IV
)
Respondent. )

## JOINT STIPULATION OF FACTS AND CONCLUSIONS OF LAW AND RECOMMENDATION FOR DISCIPLINE

The Office of the Chief Disciplinary Counsel and Respondent Brian J. Klopfenstein, by his attorney Timothy M. Aylward, and jointly submit the following stipulations and conclusions of law.

### JOINT STIPULATIONS OF FACT AND CONCLUSIONS OF LAW

**COMES NOW** Division III of the Region IV Disciplinary Committee ("Informant") and charges:

1. Informant is Division III of the Region IV Disciplinary Committee appointed by this court pursuant to Rule 5.02.

2. Informant has investigated disciplinary reports identified as File Nos.: 19-963-IV and 20-660-IV. Upon conclusion of the investigation Informant has determined, pursuant to Rule 5.11, that probable cause exists to believe that Respondent is guilty of professional misconduct.

3. Respondent was licensed as an attorney in Missouri on October 10, 1986. Respondent's bar number is 33722.

4. Respondent's license is currently in good standing.

5. The address designated in Respondent's most recent registration with the Missouri Bar is 251 S. Platte Clay Way, Suite B, PO Box 897, Kearney, Missouri 64060.

6. Respondent is a solo practitioner whose general practice includes employment discrimination and personal injury cases.

## COUNT I
### (19-963-IV)

7. Ricky Giles hired Respondent to represent him in his case against St. Luke's Health System for discrimination based on race, retaliation, age, hostile work environment and wrongful termination in May of 2016.

8. Respondent filed suit against St. Luke's Hospital in the United States District Court for the Western District of Missouri.

9. A Motion for Summary Judgment was filed on behalf of the hospital on May 5, 2017, and Respondent failed to file a response to the Motion on or before the deadline of May 26, 2017.

10. Nine (9) days after the deadline to respond to the Motion for Summary Judgment, Respondent filed a Motion for Additional Time to file suggestions in opposition to the motion. However, Respondent did not request leave of Court to file his response out of time, because he was unaware of the requirement that he do so, and he offered no justification for his failure to comply with the response deadline.

11. The District Court Judge denied Respondent's motion as pled and granted St. Luke's Motion for Summary Judgment.

12. Respondent sent a letter dated June 25, 2017, to Mr. Giles regarding the Court's

grant of summary judgment against him, and Respondent advised that he would file a motion to reconsider the Court's ruling. Mr. Giles denies receiving that letter.

13. Respondent filed a Motion to Reconsider the Court's denial of plaintiff's request for additional time to respond. That Motion was denied on July 24, 2017.

14. Respondent appealed the Court's decision to the Eighth Circuit Court of Appeals. The appeal was unsuccessful.

15. Mr. Giles asked for a meeting with Respondent due to the fact he was not aware of the status of his case.

16. Respondent admits that he advised Mr. Giles at the meeting that the court had granted summary judgment in defendant's favor, and that it was due to Respondent's failure to timely file suggestions of law in opposition to defendant's motion for summary judgment.

17. After the meeting Mr. Giles contacted the United States District Court and was informed of the reason for the dismissal.

18. Respondent is guilty of professional misconduct under Rule 4-8.4(a) as a result of violating the following:

    a. Supreme Court Rule 4-1.1 by failing to provide competent representation to Mr. Giles by not filing a response to the Motion for Summary Judgment before the deadline;

    b. Supreme Court Rule 4-1.1 by failing to provide competent representation to Mr. Giles by not being aware that he should have filed a Motion for Leave to file any pleading out of time.

    c. Supreme Court Rule 4-1.3, by failing to act with reasonable diligence and

promptness in representing Mr. Giles with his discrimination lawsuit.

    d. Supreme Court Rule 4-1.4, by failing to keep Mr. Giles informed about the status of his case and the reason for the dismissal.

19. Respondent is guilty of professional misconduct under Supreme Court Rule 4-8.4(d) because of his tardiness in responding to the motion for summary judgment and in failing to seek leave for additional time to respond which is prejudicial to the administration of justice.

## COUNT II
## (20-660-IV)

20. Informant realleges and incorporates by reference paragraphs one (1) through six (6) as if fully set out in this Count.

21. Michelle Andonie hired Respondent in 2018 to represent her in two personal injury automobile accident cases occurring on February 25, 2017, and March 28, 2017.

22. Respondent filed a lawsuit against the driver of the vehicle in the February 2017 accident.

23. Apparently the defendant driver moved from her Kansas City, Missouri address to the State of Kansas and then back again to Kansas City, Missouri making service of summons difficult.

24. Respondent did not file a lawsuit for the second accident.

25. Having not heard from Respondent regarding the status of her cases, Ms. Andonie sent him several emails and letters asking for information. She left numerous messages at his office and sent texts to his cellular phone. She received very little communication

from him and did not receive any information for months.

26. Respondent is guilty of professional misconduct under Rule 4-8.4(a) as a result of violating the following:

    a. Supreme Court Rule 4-1.1 by failing to obtain service on the defendant driver in a timely manner;

    b. Supreme Court Rule 4-1.3 by failing to act with reasonable diligence and promptness in representing Ms. Andonie in connection with her personal injury cases;

    c. Supreme Court Rule 4-1.4 by failing to respond to Ms. Andonie's reasonable requests regarding the status of her cases.

27. Respondent is guilty of professional misconduct under Supreme Court Rule 4-8.4(d) for the conduct set forth above that is prejudicial to the administration of justice.

WHEREFORE, Informant prays that a decision be issued finding Respondent guilty of professional misconduct as alleged in this Information and that Respondent be disciplined in accordance with Supreme Court Rule 5.

## AGGRAVATING AND MITIGATING FACTORS

The parties stipulate and agree that the following aggravating and mitigating factors exist:

## AGGRAVATING FACTORS

1. Respondent has substantial experience in the practice of law. ABA Standard §9.22(i).

Law, and Joint Recommended Discipline. Informant and Respondent agree and understand that the level of discipline to which the parties are stipulating is not binding on either party if the Supreme Court does not concur in the parties' stipulated discipline.

## SUGGESTIONS IN SUPPORT OF THE STIPULATED DISCIPLINE

When determining an appropriate penalty for violations of the Rules of Professional Conduct, the Missouri Supreme Court assesses the gravity of the misconduct, as well as mitigating or aggravating factors that tend to shed light on Respondent's moral and intellectual fitness as an attorney. *In re Wiles*, 107 S.W.3d 228, 229 (Mo. banc 2003).

Since its decision in *In re Storment*, 873 S.W.2d 227 (Mo. Banc 1994), the Court has consistently turned to the ABA Standards for Imposing Lawyer Sanctions (1991) ("ABA Standards") for guidance in deciding what discipline to impose. ABA Standard § 3.0 states that a court should look at four primary factors in determining which sanction is appropriate. The factors are: (1) the duty violated; (2) the lawyer's mental state; (3) the potential or actual injury caused by the conduct; and (4) aggravating and mitigating circumstances. Injury, per the standards, includes harm to the legal system or the profession. See Definitions of ABA Standards. If there are multiple violations, the Standards provide that the sanction imposed should be, at a minimum, consistent with the sanction for the most serious instance of misconduct and generally should be greater than that sanction. See Theoretical Framework of ABA Standards.

## MITIGATING FACTORS

1.      Respondent does not have a prior disciplinary record. ABA Standard §9.32(a).

2.      Respondent did not act in a dishonest way or with a selfish motive. ABA Standard §9.32(b).

## JOINT RECOMMENDATION FOR DISCIPLINE

Informant and Respondent jointly recommend that the appropriate discipline is a Reprimand with requirements pursuant to Rule 5.225, with the requirements being that Respondent engage in no further violations of the Rules of Professional Conduct, and within the next year complete the ethics program Keeping Your Law Practice on Track and participate in one or more random audits of his trust account. The reasoning for recommending this level of discipline is addressed below in the Suggestions in Support of the Stipulated Discipline.

Informant and Respondent make this Joint Recommendation for Discipline with the understanding that it is only a recommendation and is not binding on the Disciplinary Hearing Panel or the Supreme Court of Missouri. Both parties agree that they are waiving their right to a hearing before the Disciplinary Hearing Panel but acknowledge that the Disciplinary Hearing Panel may direct the parties to participate in some type of abbreviated hearing in addition to submitting this Stipulation. Regardless of whether the Disciplinary Hearing Panel or the Supreme Court accepts or rejects the recommended discipline, Informant and Respondent agree to be bound by the factual stipulations contained in this Joint Stipulation of Facts, Joint Proposed Conclusions of

In this case, the most serious rule violation is the failure to act with reasonable diligence and promptness in representing Ricky Giles and Michelle Andonie with their respective cases. ABA Standard 4.43 provides that reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. Similarly, ABA Standard 4.44 provides that Admonition is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

However, the analysis does not end there. The ABA sanctions also provide that a Reprimand, also known as censure or public censure, is a form of public discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice. ABA Standard 2.5. Monitoring by Informant to ensure the additional requirements are followed will provide additional protection to the public.

Submitted and Agreed to by:

Charles W. Gotschall, MO #27744
OCDC Special Representative
4505 Madison Avenue, Suite 280
Kansas City, MO  64111
(816) 931-4408
(816) 561-0760 (fax)
cgotschall@lawyers-kc.com
**ATTORNEY FOR INFORMANT**

Respondent:

*signature: Brian J. Klopfenstein*
Brian J. Klopfenstein    MO #33722
*Respondent*

*signature: Timothy M. Aylward*
TIMOTHY M. AYLWARD    MO #30274
Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
(816) 421-0700
(816) 421-0899 (FAX)
taylward@hab-law.com
ATTORNEY FOR RESPONDENT

Date: April 29, 2022

OFFICE OF CHIEF DISCIPLINARY COUNSEL          OCDC 

SUPREME COURT OF MISSOURI

3327 AMERICAN AVENUE
JEFFERSON CITY, MISSOURI 65109-1016
PHONE: (573) 635-7400
FAX: (573) 635-2240

August 1, 2022

In Re:   Brian J. Klopfenstein
         MO Bar #33722
         215 S. Platte Clay Way, Suite B
         Kearney, MO  64060

Enclosed please find Order of the Missouri Supreme Court dated July 29, 2022.